1  ERIC M. ACKER (CA SBN 135805)
   EAcker@mofo.com
2  JOHN R. LANHAM (CA SBN 289382)
   JLanham@mofo.com
3  JESSICA ANNE ROBERTS (CA SBN 265570)
   JRoberts@mofo.com
4  DEAN SEIF ATYIA (CA SBN 298615)
   DAtyia@mofo.com
5  JANET S. KIM (CA SBN 313815)
   JKim@mofo.com
6  MORRISON & FOERSTER LLP
   12531 High Bluff Drive
7  San Diego, California  92130-2040
   Telephone: 858.720.5100
8  Facsimile: 858.720.5125

9  MARY PRENDERGAST (CA SBN 272737)
   MPrendergast@mofo.com
10 MORRISON & FOERSTER LLP
   2000 Pennsylvania Avenue, Suite 600
11 Washington, DC  20006
   Telephone: 202.887.1500
12 Facsimile: 202.887.0763

13 Attorneys for Defendants and Counterclaimants
   ALCON LABORATORIES, INC. AND
14 WAVELIGHT, GmbH,

15

16                 UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
17

18 JOSEPH NEEV,                          Case No. 8:15-cv-00336-JVS-JCGx
   an individual,
19
                                         **DECLARATION OF JOHN R.**
20             Plaintiff,                 **LANHAM IN SUPPORT OF**
                                         **DEFENDANTS' BILL OF COSTS**
21        v.

22 ALCON LABORATORIES, INC.,
   a Delaware Corporation, and           Judge:  Hon. James V. Selna
23                                       Ctrm:  10C
   WAVELIGHT, GmbH
24 a German Corporation,

25             Defendants.

26 AND RELATED COUNTERCLAIMS

27

28

Lanham Decl. ISO Bill of Costs
Case No. 8:15-cv-00336-JVS-JCGx

sd-709248

1        I, John R. Lanham, declare as follows:

2        1.     I am a member of the bar of the state of California and an associate

3 with the law firm of Morrison & Foerster LLP, counsel of record for Alcon

4 Laboratories, Inc. and WaveLight, GmbH (collectively "Alcon" or "Defendants").

5 I am duly licensed to practice in the courts of the State of California.  I am one of

6 the attorneys responsible for handling the above-captioned matter.  This declaration

7 is based on my personal knowledge, unless otherwise stated, and if called as a

8 witness I could and would testify competently to the facts stated herein.

9        2.     This declaration is filed in support of Alcon's application for taxation

10 of costs and Bill of Costs for cases *Neev v. Alcon Laboratories, Inc. and WaveLight*

11 *GmbH*, 8:15-cv-336-JVS-JCG and *Neev v. Alcon LenSx, Inc.*, No. 8:15-cv-01538-

12 JVS-JCGx.  These cases were both brought by Dr. Joseph Neev against Alcon

13 entities and were consolidated for pretrial purposes (D.I. 70, 72).  Alcon was the

14 prevailing party in both cases.  Accordingly, Alcon submits this single application

15 for taxation of costs for both actions.

16      3.     On October 24, 2017, the parties filed a Joint Request for Entry of

17 Judgment in favor of Alcon in both cases. (D.I. 179, -1538 case Dkt. 79 (Joint

18 Stipulation for Judgment)).

19      4.     On October 25, 2017, this Court issued judgements in favor of Alcon

20 in both cases. (D.I. 180, -1538 case Dkt. 80). Rule 54(d)(1) of the Federal Rules of

21 Civil Procedure states that, following adjudication, costs should be allowed to the

22 prevailing party. A "prevailing party" is the party in whose favor a judgment is

23 rendered. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*,

24 532 U.S. 598, 603 (2001).  Rule 54(d)(1) creates a presumption that the prevailing

25 party will be awarded costs as a matter of course.  *Cherry v. Champion Int'l Corp.*,

26 186 F.3d 442, 446 (4th Cir. 1999).

27      5.     Alcon is the prevailing party in this action, as the Court rendered

28 judgment in its favor.

1

Lanham Decl. ISO Bill of Costs
Case No. 8:15-cv-00336-JVS-JCGx

sd-709248

6.     The amounts that Alcon claims here and to which it is entitled under Rule 54(d), 28 U.S.C. § 1920 et seq. and Local Rule 54-1 *et seq.* are summarized as follows:

| | |
|---|---|
| Fees for service of summons and subpoena (Local Rule 54-3.2) | $ 1,007.73 |
| Deposition Costs and Fees (Local Rule 54-3.5) | $ 18,430.34 |
| Witness Fees (Local Rule 54-3.6) | $ 10,144.20 |
| Fees for Certification, Exemplification and Reproduction of Documents (Local Rule 54-3.10) | $ 8,899.08 |
| Other Costs (Local Rule 54-3.12) | n/a |
| Total: | $ 38,551.35 |

7.     I have reviewed Alcon's Bill of Costs and the schedules and invoices attached to this declaration. Based on my personal involvement with this action and as confirmed by my consultation with other Morrison & Foerster attorneys and staff, the costs included in Alcon's Bill of Costs are correctly stated and the services and disbursements associated with these costs have been actually and necessarily provided and made.

8.     Further, Alcon seeks taxation of costs for case numbers 15-cv-0336 and 15-cv-1531 (the "Taxable Cases"), which were consolidated for pretrial purposes. The Taxable Cases were also consolidated with case numbers 15-cv-0624 and 15-cv-1551 (the "Non-Taxable Cases"). While Alcon obtained summary judgment on some claims in the Non-Taxable cases, the parties ultimately agreed to dismiss those cases with prejudice. Accordingly, there is no prevailing party in the Non-Taxable Cases and Alcon does not seek taxation of costs that were incurred for the Non-Taxable Cases, but not actually and necessarily incurred for the Taxable

1   Cases.  In preparing this Bill of Costs, Alcon has taken diligent steps to eliminate

2   costs that were incurred only for the Non-Taxable Cases.  Where costs were

3   actually and necessarily incurred in both the Taxable Cases and Non-Taxable

4   Cases, Alcon conservatively seeks taxation of only 50% of its costs.

5        9.     Local Rule 54-3.2:  Fees for service of Process.  "Fees for service of

6   process . . . and for service of subpoenas " are taxable under Local Rule 54-3.2.

7   Attached hereto as Exhibit 1 are invoices evidencing $2,015.46 spent by Alcon on

8   service of subpoenas in this matter.   Alcon requests taxation of 50% of these costs,

9   or $1,007.73.

10       10.    Local Rule 54-4:  Depositions.  "Fees for printed or electronically

11  recorded transcripts necessarily obtained for use in the case" are taxable pursuant to

12  28 U.S.C. § 1920(2).  "The cost of the original and one copy of the transcription of

13  the oral portion of all depositions used for any purpose in connection with the case,

14  including non-expedited transcripts, the reporter's appearance fee, fees for binding,

15  bates stamping, non-expedited shipping and handling, processing fee, ASCII disks,

16  production and code compliance charge, electronic transmission charge, miniscripts

17  and witness handling charges" are taxable.  LR 54-3.5(a).  Alcon incurred costs of

18  $26,922.04 for transcripts of the depositions in connection with the Taxable Cases,

19  which were necessarily obtained for use in the case.  Alcon requests taxation of

20  only the cost of depositions taken by Plaintiff ($5,633.50), and 50% of the costs of

21  depositions jointly taken by Plaintiff and Non-Taxable Case plaintiff Lawrence

22  Livermore National Security (50%=$10,644.27), totaling ($16,277.77).  Alcon also

23  seeks $192 for non-expedited shipping and handling.

24       11.    "The reasonable fees of the deposition reporter" are also taxable under

25  LR 54-3.5(b).  Alcon incurred costs of $589.60 for deposition reporter fees and

26  costs in this case, which were necessarily obtained for use in the case.  Alcon

27  requests taxation of only the cost of depositions taken by Plaintiff (157.50),  and

28  50% of the costs of depositions jointly taken by Plaintiff and Non-Taxable Case

Lanham Decl. ISO Bill of Costs
Case No. 8:15-cv-00336-JVS-JCGx

sd-709248

1  plaintiff Lawrence Livermore National Security ($50%=216.05), totaling
2  ($373.55).

3      12.  "The cost of copying or reproducing exhibits used at the deposition
4  and made a part of the deposition transcript" are taxable under LR 54-3.5(e).  Alcon
5  incurred costs of $2,686.70 for deposition exhibits.  Alcon requests taxation of only
6  these cost incurred in depositions taken by Plaintiff ($487.35), and 50% of these
7  costs incurred in depositions jointly taken by Plaintiff and Non-Taxable Case
8  plaintiff Lawrence Livermore National Security (50%=$1099.67), totaling
9  ($1,587.02).

10      13.  Attached hereto as Exhibit 2 are invoices evidencing the deposition
11  cost described in paragraphs 10-12 above, totaling $18,430.34 in deposition costs.

12      14.  Local Rule 54-3.6:  Witness Fees.  Alcon seeks allowable witness fees.

13      15.  "A witness shall be paid an attendance fee of $40 per day for each
14  day's attendance."  28 U.S.C. § 1821(b).  Under Local Rule 54-3.6, the rate for
15  witness fees, mileage and subsistence are also recoverable as set by statute in 28
16  U.S.C. § 1821.  This statute provides for witness fees for "a witness in attendance at
17  any court of the United States . . . or before any person authorized to take his
18  deposition pursuant to any rule or order of a court of the United States."

19      16.  28 U.S.C. § 1821 recognizes fees equal to the actual cost of travel by
20  common carrier.  The statute also recognizes subsistence fees up to the government-
21  set per diem rate for the city in which the testimony is given.  Per diem rates may be
22  ascertained at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-files-
23  archived (last visited Nov. 8, 2017).  As to each witness for which Alcon seeks
24  subsistence fees, Alcon seeks the lesser amount of the witness's actual subsistence
25  or the recognized per diem subsistence rates.

26      17.  Dr. Olaf Kittelmann was deposed on March 9, 2017.  Dr. Kittelmann
27  was an expert witness for Alcon whose deposition was taken by Plaintiff.  Dr.
28  Kittelmann traveled by common carrier to and from San Diego.

18.     Dr. Robin Marjoribanks was deposed on July 20, 2016 in Palo Alto and May 3, 2017 in San Diego.  Dr. Marjoribanks was an expert witness for Alcon whose deposition was taken by Plaintiff.  Dr. Marjoribanks traveled by common carrier to and from his depositions.

19.     Dr. Theodore Norris was deposed on May 18, 2017.  Dr. Norris was an expert witness for Alcon whose deposition was taken by Plaintiff.  Dr. Norris traveled by common carrier to and from San Diego.

20.     Dr. Karl Stonecipher was deposed on May 10, 2017 in Baltimore.  Dr. Norris was an expert witness for Alcon whose deposition was taken by Plaintiff.

21.     Attached hereto as Exhibit 3 is a copy of Attachment A to the Bill of Costs along with invoices and receipts substantiating those costs.  It lists each witness for whose expenses Alcon seeks reimbursement, and aggregates statutory fees, actual carriage, and the lesser of actual lodging and subsistence or statutory lodging and subsistence.  Alcon seeks taxation of the full amount of these costs, as the full amount of costs were actually and necessarily incurred regardless of the Non-Taxable Cases.

22.     Local Rule 54-3.10 and 28 U.S.C. § 1920(4): Certification, Exemplification and Reproduction of Documents.   Alcon seeks its costs for copying and exemplification as permitted by statute and Local Rule.  The relevant statute provides recovery for "[f]ees for exemplification . . . necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  L.R. 54-3.10(a) provides for recovery of the "cost of copies (including Mandatory Chambers Copies) of documents necessarily filed and served." Alcon has calculated that it provided to the Court 1609 color and 3934 black-and-white pages of courtesy copies of documents necessarily filed and served.  Such documents were printed by Alcon's counsel's in-house vendor at a rate of $0.70 for color and $0.21 for black and white.  Alcon has not sought to recover the cost of materials for binding and inserting tabs into such documents.  Alcon has excluded from these costs documents that were filed

Lanham Decl. ISO Bill of Costs
Case No. 8:15-cv-00336-JVS-JCGx

sd-709248

1    only for the Non-Taxable Cases.  Nonetheless, Alcon conservatively requests

2    taxation of only 50% of these costs, or $976.22.  Alcon's calculations are set forth

3    in Exhibit 4 hereto.

4         23.    The prevailing party is also entitled to "[f]ees for certification or

5    exemplification of any document or record necessarily obtained for use in the case."

6    L.R. L.R. 54-3.10(f).  The Ninth Circuit has recognized that certain e-discovery

7    costs are recoverable under 28 U.S.C. § 1920(4) as costs of making copies.  *In re*

8    *Online DVD-Rental Antitrust Litig.*, 779 F.3d 914 (9th Cir. 2015).  "To the extent

9    that a party is obligated to produce (or obligated to accept) electronic documents in

10   a particular format or with particular characteristics intact . . . the costs to make

11   duplicates in such a format or with such characteristics preserved are recoverable as

12   'the costs of making copies . . . necessarily obtained for use in the case.'"  *Id.* at

13   928, quoting *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320 at 1328

14   (Fed. Circ. 2013).  Costs such as optical character recognition ("OCR"), conversion

15   of documents to TIFF, and "endorsing" activities are specifically recoverable.  *Id.* at

16   932; *see also Farstone Tech., Inc. v. Apple Inc., No.* 813CV1537ODWJEMX, 2016

17   WL 5799290, at *5 (C.D. Cal. Sept. 30, 2016) ("Costs, including personnel

18   expenses, related to the production of electronic copies are recoverable"); *Memory*

19   *Lane, Inc. v. Classmates Int'l, Inc.*, No. SACV11940JLSRNBX, 2014 WL

20   12617383, at *2 (C.D. Cal. July 25, 2014) (taxing e-discovery costs for TIFF

21   conversion, CD/DVD creation, imaging and blowbacks); *Kruse Tech. P'ship v.*

22   *Daimler AG*, No. SACV101066JVSRNBX, 2012 WL 12888668, at *7 (C.D. Cal.

23   Oct. 22, 2012) (prevailing party entitled to recover costs associated with data

24   conversion and OCR data creation for documents produced to opposing party).

25        24.    Alcon spent a total of over $417,860 in e-discovery vendor charges.

26   Counsel for Alcon has reviewed the vendor's invoices in order to isolate only those

27   costs that are directly, specifically attributable to the preparation of productions of

28   documents for production, as opposed to the review, filtering and processing of

Lanham Decl. ISO Bill of Costs
Case No. 8:15-cv-00336-JVS-JCGx

sd-709248

1  those documents.  As reflected in the spreadsheet in Exhibit 4, these costs equal

2  $13,708.82.  Alcon conservatively requests taxation of only 50% of these costs, or

3  $6,854.41.

4

5       I declare under penalty of perjury under the laws of the United States of

6  America that the foregoing is true and correct.

7

8  Dated: November 8, 2017        MORRISON & FOERSTER LLP

9

10                                By:  _____/s/ John R. Lanham_____

11                                          John R. Lanham

12                                Attorneys for Defendants ALCON
                                  LABORATORIES, INC. and
13                                WAVELIGHT, GmbH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lanham Decl. ISO Bill of Costs
Case No. 8:15-cv-00336-JVS-JCGx

sd-709248